Rains *vs.* Collins.

We only consider it necessary to notice one of the errors assigned which is fatal.

The record fails to show that the accused was present in the court at any stage of the trial, or even when the verdict was rendered.

The amendments to the transcript, made by the clerk at the instance of the district attorney, under leave of this court, are made in a bungling manner.

We take this occasion to repeat our warning to district judges to direct and instruct with greater care the manner in which the minutes of their courts, and especially in criminal cases, shall be kept.

The present case, even after all the efforts of the district attorney to have the transcript corrected and completed, affords an example of the most lamentable negligence and carelessness on the part of the clerk, both in keeping his minutes and making up the transcript. Whatever excuse may be afforded by his ignorance of the great importance of keeping accurate and exact minutes of all the details of criminal trials especially, there is no excuse for sending so defective and ill arranged a transcript to this court.

Were this a civil case, we should not hesitate to send it back with instructions to have a new transcript made at the expense of the clerk but we think it better for the accused and the State, to pass upon the case now, only adding that, after the repeated warnings we have given, we do not think the clerk entitled to any compensation for the transcript in this case.

*Judgment reversed and case remanded.*

---

No. 816.

MARTHA A. RAINS vs. W. N. COLLINS, SHERIFF, ET AL.

A *dation en paiement* by the husband to the wife, when attacked by creditors of the husband, must be supported by satisfactory evidence that the money he pretended to have paid had been really received by him from his wife's paraphernal funds.

Where the circumstances of the case, as well as the proof therein, indicates that the husband is attempting to shield his property from his creditors through his wife, the court will sift the evidence and discourage the perpetuation of fraud.

APPEAL from the District Court for Webster.    TURNER, J.

State *vs.* Byrd.

*L. B. Watkins* for Plaintiff. *T. D. Watkins* for Defendant Appellant.

EGAN, J., delivered the opinion reversing the judgment and dissolving the injunction with damages.

No. 840.

### THE STATE VS. GABRIEL HEBERT.

The fact that a juror has conscientious scruples against inflicting the death penalty is good ground of challenge for cause in a capital case.

Where a motion for a continuance had been made by the prisoner and refused, and afterwards a change of venue was prayed by him and granted, and a conviction had in the new forum, it is too late to complain of the refusal of the continuance.

No bill having been reserved to the refusal, the prisoner is deemed to have waived his rights under the motion.

APPEAL from the District Court for East Baton Rouge. M. McVEA, J.

*Potts*, District Attorney, for the State. *Knickerbocker* for Defendant.

MANNING, C. J., delivered the opinion affirming the judgment.

No. 870.

### THE STATE VS. FRANK P. BYRD.

If the record fails to shew that the prisoner was present in court when the verdict of the jury was rendered, the omission vitiates the trial.

APPEAL from the District Court for Bossier. TURNER, J.

*Potts*, District Attorney, for the State. *Lowery* for Defendant.

EGAN, J. The accused was indicted for murder and found guilty and sentenced for manslaughter.